UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Michael Yusuf Ashraf,
a/k/a Michael D. Ashby,

Petitioner,

v.

Sheryl R. Hvass, Commissioner of the
Minnesota Department of Corrections,

Respondent.

Civil No. 00-1545 (ADM/AJB)

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

The above-entitled matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for writ of habeas corpus. [Docket No. 1]. In support of his application, Petitioner has filed, *inter alia*, a memorandum accompanied by exhibits. [Docket No. 2]. Respondent has filed a motion and a supporting memorandum, [Docket Nos. 4 & 5], asking the Court to (1) dismiss the petition as untimely (2) dismiss the petition for failure to exhaust state remedies, or (3) deny the petition on the merits. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court recommends that the petition for writ of habeas corpus be dismissed with prejudice.

## II. BACKGROUND

Petitioner was convicted of Assault in the First Degree, following a jury trial in Hennepin County, Minnesota. On September 24, 1992, he was sentenced to a term of imprisonment of 196



FILED OCT 0 2 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D ________
DEPUTY CLERK ________

months. At that time, he was given credit of 454 days for time served. [(Docket No. 7) Sentencing Transcript at 1, 5]. The crime for which Petitioner was convicted, occurred on July 2, 1991. [(Docket No. 7) Trial Transcript at 17].

According to Petitioner, he was transferred from the custody of the Minnesota Department of Corrections into the custody of the Florida Department of Corrections on January 10, 1994, pursuant to the Minnesota Interstate Corrections Compact, MINN. STAT. § 241.28 et seq. [Docket No. 2 at 5]. On June 26, 2000, Petitioner filed his current petition for habeas corpus relief, under 28 U.S.C. § 2254. Petitioner claims that he has not been awarded good-time credit to which he is entitled and further contends that, if he were given the credit he deserves, he would already have been released. Although Petitioner does not demonstrate how he came up with the amount of good-time credit that he proposes is due, it appears that he would have his good-time credit calculated using the laws of the State of Florida.

## III. DISCUSSION

**Form of Action**

As an initial matter, the Court must address whether Petitioner has brought his action under the appropriate statutory provision. The petition is captioned as an action under 28 U.S.C. § 2254. However, Petitioner is not attacking the validity of his conviction or sentence, but instead, is attacking the execution of his sentence as it affects the fact or duration of his confinement. "Such an attack . . . seems to fit better under the rubric of [28 U.S.C.] § 2241." Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). The Court will treat Petitioner's claim as arising under § 2241 and not under § 2254.

**Subject Matter Jurisdiction**

Jurisdiction under § 2241 is proper only in the district of actual physical confinement and in the district where a custodian responsible for the confinement is located. Thus, jurisdiction in this case is proper in the State of Minnesota, as the Minnesota Department of Corrections can be considered Petitioner's "custodian" for purposes of calculating his good-time credit. Cf. U.S. v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000); McCoy v. United States Board of Parole, 537 F.2d 962, 964-65 (8th Cir. 1976); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-99, 93 S.Ct. 1123, 1131-32 (1973).

**Timeliness of Petition**

Respondent first argues that Petitioner's application should be denied as untimely, citing 28 U.S.C. § 2244(d)(1), which provides for a one-year period of limitation for filing a habeas corpus application by a person in custody pursuant to the judgment of a state court. Respondent points out that the factual predicate, upon which Petitioner bases his claim, was known to Petitioner prior to 1997. It follows, Respondent's argument goes, that Petitioner has failed to file an application in a timely manner. However, Respondent fails to point to a definitive "factual predicate" date, nor does there appear to be a clear-cut answer to that question in a case such as this. Indeed, it would be odd if, in the event that a prisoner was truly in custody past their statutorily mandated release date, the Court refused to hear their plea because they failed to speak up soon enough. In any event, the Court need not address the matter because, as discussed below, the Petitioner's application clearly fails on the merits.

**Exhaustion of State Remedies**

Respondent also argues that Petitioner's application should be denied because he has

failed to exhaust state remedies. Although there is no explicit statutory language permitting the Court to proceed to the merits in an unexhausted § 2241 claim, there is no apparent authority to preclude the Court from following the underlying policy of § 2254(b)(2), which expressly permits a Court to reach the merits of an unexhausted § 2254 claim. Montez, 208 F.3d at 866. Because the Court concludes that Petitioner's application does not raise any questions that should obviously be addressed by a State court or agency, the Court will proceed to the merits of Petitioner's application for habeas relief.

**Merits**

Petitioner claims that he has not been awarded good-time credit to which he is entitled and further contends that, if he were given the credit he deserves, he would already have been released. Petitioner goes to some length in explaining his position, but the substance of his claim can be distilled into a simple proposition: "Petitioner is entitled to good time and other benefits he earned while in Florida as if he earned them in Minnesota." [Docket No. 2 at 7]. Respondent does not dispute this proposition.

The dispute appears to arise with respect to the method of calculating good-time credit. Although Petitioner does not demonstrate how he came up with the amount of good-time credit that he proposes is due, it appears that he would have his good-time credit calculated using the laws of the State of Florida. For his position, Petitioner relies upon Hayes v. Lockhart, 754 F.2d 281 (8th Cir. 1985).

Petitioner correctly observes that Hayes interprets statutory language that is identical to that found in the Minnesota Interstate Corrections Compact. Hayes supports the notion that Mr. Ashraf "is entitled to good time and other benefits he earned while in Florida *as if he had earned*

*them in [Minnesota].*" Id. at 284 (emphasis added). However, the Court does not interpret Hayes to mean that his good time should be calculated by the laws of any state other than Minnesota. Petitioner cites nothing that indicates otherwise. Therefore, the Court looks to the laws of the State of Minnesota to determine Petitioner's good-time credit.

MINN. STAT. § 244.04 provides in relevant part:

> Subdivision 1. Reduction of sentence; inmates sentenced for crimes committed before 1993. Notwithstanding the provisions of section 609.11, subdivision 6, and section 609.109, subdivision 1, the term of imprisonment of any inmate sentenced to a presumptive fixed sentence after May 1, 1980, and whose crime was committed before August 1, 1993, shall be reduced in duration by one day for each two days during which the inmate violates none of the disciplinary offense rules promulgated by the commissioner. The reduction shall accrue to the period of supervised release to be served by the inmate . . . .

The above-quoted provision applies to Petitioner because he was sentenced on September 24, 1992, for a crime committed on or about July 2, 1991. As noted above, Petitioner was sentenced to 196 months, minus 454 days[1] for time served. After applying MINN. STAT. § 244.04 to these dates and numbers, Petitioner's release date, at the earliest, is well into the year 2002.

## IV. CONCLUSION

After reviewing Petitioner's application for habeas relief, the Court concludes that, although Petitioner is entitled to good time and other benefits he earned while in Florida, he is entitled to them only as if he had earned them in Minnesota. Applying Minnesota law, Petitioner's release date, at the earliest, is well into the year 2002. Therefore, the Court recommends that Petitioner's application for habeas corpus relief be denied.

---

[1] It is worth noting that the sentencing judge mistakenly credited Petitioner too many days for time served. As noted, sentencing occurred on September 24, 1992. However, the presentence investigator, in arriving at 454 days, erroneously calculated Petitioner's time served from July 3, 1991 to September 29, 1992. [(Docket No. 7) Presentence Investigation Report found in The State of Minnesota's Confidential Appendix to it's brief to The Minnesota Court of Appeals at CA 1].

## V. RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. The petition for writ of habeas corpus be **denied** [Docket No. 1].

2. This action be dismissed with prejudice.

Dated 10/2/00

ARTHUR J. BOYLAN
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.