UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Yusuf Ashraf,
a/k/a/ Michael D. Ashby,

Petitioner,

v.

Sheryl Ramstad Hvass, Commissioner of the Minnesota Department of Corrections,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1545 ADM/AJB

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge pursuant to Petitioner's Objection [Docs. Nos. 17-18] to the October 2, 2000 Report and Recommendation ("R&R") of United States Magistrate Judge Arthur J. Boylan [Doc. No. 15] The R&R recommends that Petitioner's writ of habeas corpus be denied and that this action be dismissed with prejudice. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated by reference for the purposes of the present objections.

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C) and 72.1(c)(2).



FILED 11-21-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 11-21-00
DEPUTY CLERK

In Hennepin County District Court, Petitioner was convicted of Assault in the First Degree and on September 24, 1992, he was sentenced to a term of imprisonment of 196 months with credit of 454 days for time served. On January 10, 1994, Petitioner was transferred to the Florida Department of Corrections.[1] He now claims he was not awarded good-time credit which would result in his immediate release from prison. Apparently, Petitioner has calculated his good time credit utilizing the laws of the state of Florida.

Both Petitioner and Respondent agree that Petitioner "is entitled to good time and other benefits he earned in Florida as if he earned them in [Minnesota]." *See Hayes v. Lockhart,* 754 F.2d 281, 284 (8th Cir. 1985). Petitioner, however, claims Judge Boylan erroneously based his R&R on Minnesota Statute § 244.04 and should, instead, have relied on Minnesota Statute § 241.28. While § 241.28 provides a compact between states with respect to the confinement, treatment, and rehabilitation of prisoners, Petitioner has failed to articulate exactly how this statute requires a calculation of his good-time credits using anything other than Minnesota law. Furthermore, Petitioner cites no authority requiring his good-time credit to be calculated pursuant to some law other than Minnesota, the state of his conviction.

Judge Boylan properly looked to the laws of Minnesota in determining Petitioner's good-time credit. Section 244.04 provides, in pertinent part, that "the term of imprisonment of any

---

[1] Because Petitioner was convicted in a Minnesota state court, the Minnesota Department of Corrections may be considered Petitioner's "custodian" for purposes of calculating his good-time credit. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (§ 2241 petition may be filed in the district of actual physical confinement or in the district where a custodian responsible for the confinement is present); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495-99, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ( § 2241 jurisdiction lies both in district of actual physical confinement and in district where court can serve process on the custodian).

inmate sentenced to a presumptive fixed sentence...shall be reduced in duration by one day for each two days during which the inmate violates none of the disciplinary offense rules promulgated by the commissioner." Minn. Stat. § 244.04 (1992). Petitioner was sentenced to a term of imprisonment of 196 months on September 24, 1992. Thus, under Minnesota law, Petitioner's earliest possible release date is in the year 2002.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus is **DENIED**.
2. This action is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.