**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael Yusuf Ashraf,
a/k/a Michael D. Ashby,

Petitioner,

v.

**ORDER**
Civil No. 00-1545 ADM/AJB

Sheryl Ramstad Hvass, Commissioner of the Minnesota Department of Corrections,

Respondent.

---

## INTRODUCTION

In 1992, Petitioner was convicted in Minnesota state court for first degree assault and sentenced to 196 months in state prison. On June 26, 2000, Petitioner filed a petition for habeas corpus [Doc. No. 1], claiming a denial of good time credits. In a Report and Recommendation ("R&R") dated October 2, 2000 [Doc. No. 15], Magistrate Judge Boylan recommended that Petitioner's habeas corpus application be denied. After considering Petitioner's objections to Judge Boylan's R&R, this Court adopted the R&R and dismissed the habeas corpus application with prejudice in a Memorandum Opinion and Order dated November 22, 2000 [Doc. No. 20].

On December 27, 2000, Petitioner filed a Notice of Appeal [Doc. No. 23] from the Memorandum Opinion and Order [Doc. No. 20], accompanied by a Motion for Certificate of Appealability [Doc. No. 24] as required by 28 U.S.C. § 2253. For the reasons set forth below, Petitioner's request for a Certificate of Appealability is denied.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first obtaining a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A).

JAN 1 2 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Fed.R.App.P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). The prisoner must demonstrate that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998)). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*).

Petitioner asserts that a COA should be granted with respect to his claim for denial of good time credits. The application of Minnesota Statute § 244.04 to Petitioner's good time credit calculation is not debatable among reasonable jurists, different courts could not resolve the issue differently, and this issue does not deserve further proceedings. Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, Plaintiff's request for a COA is denied.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Petitioner's Request for Certificate of Appealability is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2001